```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

GRAND LTD ET AL.                                CIVIL ACTION

v.                                              13-2385

LINDER OIL CO. ET AL.                           SECTION "F"
```

ORDER & REASONS

Before the Court are motions for partial summary judgment. For the reasons that follow, the motions are DENIED.

Background

This admiralty action was born out of an early-morning allision. At about 3:30 a.m. on April 29, 2012, while navigating the Gulf of Mexico from Freshwater City, Louisiana to Galveston, Texas, the M/V Trinity hit a submerged oil and gas caisson.

The allision significantly damaged the vessel. The vessel's owner, The Grand, Ltd., its owner/operator, Laredo Offshore Services, Inc., and its insurers, Atlantic Specialty Insurance Company, Markel American Insurance Company, Procentury Insurance Company, Caitlin Indemnity Company, United States Fire Insurance Company, Certain Underwriters at Lloyd's, London, and Certain London Market Companies sued the owners of the downed caisson,[1] Linder Oil Company, Linder Energy Company, Louisiana General Oil

---

[1] The parties have identified the downed caisson as Linder Platform No.2, located in West Cameron Block 168, or "West Cameron 168 #2."

1

Company, Destin Resources, LLC, Reserves Management, LC, and Sojitz Energy Venture, Inc. for damage to the vessel, alleging that defendants failed to properly mark the obstruction.[2]

Plaintiffs and plaintiffs-in-subrogation now move for partial summary judgment.  They contend that there is no genuine dispute regarding whether: (1) defendants breached their duty to properly place the buoy marking the obstruction; and (2) defendants breached their duty to file truthful, accurate documents with the United States Coast Guard regarding the submerged status of the obstruction.  Plaintiffs-in-subrogation add that there is no genuine dispute regarding defendants' liability.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v.

---

[2] Plaintiffs allege that the M/V Trinity sustained physical damage to her hull and starboard leg and that plaintiffs' damages including repairs and lost income from the vessel amount to approximately $5 million.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.  Application

The movants contend that defendants were negligent in placing the marker buoy to the north, rather than the south, of the obstruction, and in filing a form with the Coast Guard that indicated that the structure remained standing when, in fact, it

had fallen. They submit that partial summary judgment on liability should be granted in their favor. The Court disagrees; whether defendants properly marked and provided the Coast Guard with truthful and accurate information regarding the obstruction are disputed material issues of fact precluding summary judgment.

Nonetheless, plaintiffs maintain that defendants must be presumed negligent under the rule of The Pennsylvania. "[A]ny party to a maritime accident who violates a federal statute is [presumed to be] at fault for the allision." Tidewater Marine, Inc. v. Sanco Int'l, Inc., 113 F. Supp. 2d 987, 997 (E.D. La. 2000) (explaining the rule of The Pennsylvania, 86 U.S. 125 (1873)). The rule of The Pennsylvania "shifts the burden of proof as to causation on the violator to prove that the violation could not have been a contributing cause of the allision." Id. (holding that the duties to mark sunken craft, imposed on owners of wrecked ships by the Wreck Act, are "non-delegable, non-imputable duties which cannot be assigned or assumed--to the absolution of the owner from liability--by any third party") (citations omitted); see also Chevron Oil Co. v. The M/V New Yorker, 297 F. Supp. 412, (E.D. La. 1969) (holding that well owner was partly at fault in not having the well structure's light and horn operating on the night of the collision). The Court certainly agrees that the Pennsylvania rule could have force here. The rule applies in allision cases involving violations of statutes intended to prevent the injury

4

that actually occurred, such as where those responsible for properly marking stationary objects in navigable waters failed to do so, as alleged here. See <u>Gele v. Chevron Oil Co.</u>, 574 F.2d 243, 247 (5th Cir. 1978) (holding that owner of pipe in the Gulf of Mexico failed to overcome its burden of showing that its failure to mark the structure did not contribute to the cause of the collision).

But, the <u>Pennsylvania</u> rule concerns only the burden of proof for causation; it does not determine ultimate liability for damages. <u>Tidewater Marine</u>, 113 F. Supp. 2d at 998. All parties against whom the rule is applied may be liable if their negligence proximately caused the accident, and damages are to be assessed in accordance with the principles of comparative negligence. <u>Id.</u>

Although the rule of <u>The Pennsylvania</u> applies to shift the burden of causation <u>if</u> it is shown that the marker buoy was improperly placed at the time of the allision, that fact remains hotly disputed here. Accordingly, summary judgment as to defendants' liability for the damages caused by the allision is inappropriate.

Accordingly, the motions for partial summary judgment are DENIED.

New Orleans, Louisiana, March 12, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5